**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Deangelo Domingo DAVIS,
Defendant—Appellant.**

No. 03–10028.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 9, 2005.*

Decided July 5, 2005.

William S. Wong, Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Colin L. Cooper, Dustin Gordon, Berkeley, CA, for Defendant–Appellant.

Before: REINHARDT, NOONAN, and FERNANDEZ, Circuit Judges.

MEMORANDUM**

DeAngelo Davis appeals his conviction for four counts of bank/credit union robbery, 18 U.S.C. § 2113(a), (d), and four

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

counts of using a firearm in connection with a crime of violence, 18 U.S.C. § 924(c)(1). We hold that the government presented insufficient evidence to support a conviction on count four for using or carrying a firearm in relation to the First Federal Credit Union robbery.[1] The government presented no evidence that Davis actually used or carried a weapon during that robbery and, in fact, presented evidence that the actual gunmen were two coconspirators. Therefore, the government relied on an aiding and abetting theory of liability. However, the only evidence the government presented to support that theory was that Davis knew that guns were going to be used in the robbery and may have been present for a discussion concerning how the robbery was to be conducted. Our case law is clear that "mere foreknowledge that a gun would be used" and "mere presence during the planning of the robbery and agreement to that plan in general" are insufficient to support an aiding and abetting charge under § 924(c). *United States v. Nelson,* 137 F.3d 1094, 1103 (9th Cir.1998) (italics omitted). As the government presented no evidence of "planning directed at the gun itself" or any other specific facilitation of the use of a gun, we reverse Davis' conviction with regard to count four. *Id.* at 1104.

As to Davis's remaining claims regarding his conviction, none justifies reversal. We cannot conclude from a review of the record that the district court clearly erred in finding that the government did not call Eric Chukes as a witness for the "primary purpose" of impeaching him. As the record reveals, Chukes provided other impor-

tant evidence concerning the robberies separate from Davis's involvement. *United States v. Gomez–Gallardo,* 915 F.2d 553, 555 (9th Cir.1990). Similarly, the prosecutor's comments regarding Eric Chukes' prior statements and the testimony of Agent Wilson and Martin Connors do not rise to the level of improper vouching required in order for us to find reversible error. *United States. v. Necoechea,* 986 F.2d 1273, 1280 (9th Cir.1993). We further hold that the district court conducted an adequate inquiry into possible improper influences on the jury under *Remmer v. United States,* 347 U.S. 227, 74 S.Ct. 450, 98 L.Ed. 654 (1954), and did not abuse its discretion when it denied the defense's proposed instructions concerning the DNA evidence. We also hold that the prosecutor did not commit reversible error during closing argument, under *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), even though he inappropriately referred to "the defendant" when discussing failures to present evidence. In context, these references did not constitute improper comments on Davis' failure to testify. Finally, although we have considerable concern regarding the propriety of the prosecutor's comments in closing argument, especially his invocations of the events of September 11th, his appeal to the self-interest of the jury by his use of language such as "us" and "we", and his description of the effect of the crime and similar offenses on society's interests, we need not determine whether those comments constituted prosecutorial misconduct. *See United States v. Weatherspoon,* 410 F.3d 1142, —— (9th Cir.

---

**1.** Although Davis raised this claim for the first time in his reply brief, we hold that it would be a manifest injustice not to address it. *United States v. Ullah,* 976 F.2d 509, 514 (9th Cir.1992); *see also United States v. Garcia–*

*Guizar,* 160 F.3d 511, 517 (9th Cir.1998). Furthermore, the government has not been prejudiced, as prior to our decision it had the opportunity to brief the issue.

2005). After weighing the strength of the prosecution's case, we conclude that his statements to the jury were not sufficiently prejudicial to "taint[ ] the verdict and deprive[ ] [Davis] of a fair trial." *Id.* at 1150.[2]

With regard to Davis's sentence, a limited remand is required to enable the district court to modify the judgment to strike the sentence (as well as the conviction) as to count four, and to allow the district court to determine "whether the sentence imposed would have been materially different had the district court known that the [federal sentencing] [g]uidelines were advisory." *See United States v. Ameline,* 409 F.3d 1073, 1085 (9th Cir. 2005) (en banc).

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED IN PART.**

---

**2.** As prosecutorial misconduct constitutes the only potential error with respect to the counts which remain at issue, cumulative error analysis is inapplicable.

